UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 6:99-cr-46-1 |
| | ) | |
| v. | ) | |
| | ) | |
| Paul Myles, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's Rule 35(a) motion to reduce his sentence, filed July 18, 2008. For the reasons stated herein, this Court denies the defendant's motion.

**<u>Background</u>**

On March 30, 2000, the defendant plead guilty to one count of bank robbery. This Court subsequently sentenced him to 151 months. According to the defendant's motion, his projected release date is August 9, 2010.

Defendant asks this Court to reduce his sentence by six months. Defendant argues that this reduction is necessary because his wife is struggling to make ends meet without him. He explains that, with her health declining and her cost of living increasing, she needs his assistance at home. Defendant assures the Court he is reformed and presents no risk to society. As proof of his reformation, Defendant attached sixteen certificates of completion from different courses that the defendant has participated in while incarcerated. In fact, the defendant's proposed release date coincides with the date he will complete a 500 hour residential drug abuse program

and a computer class.

## Discussion

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Defendant brings this motion for a reduction in sentence under Rule 35(a) of the Federal Rules of Criminal Procedure. However, under Rule 35(a), this Court can only reduce a sentence after it is imposed if: (1) within seven days after sentencing, the Court discovers a technical error; or (2) the government makes a motion to reduce the sentence due to substantial assistance. Fed. R. Crim. Pro. R. 35. The defendant does not allege a technical error in his sentence, and the government did not file the immediate motion. Therefore, per Rule 35, this Court is without the authority to grant a reduction in his sentence. However, applying the requisite liberal standard to this *pro se* motion, this Court will also construe the immediate motion as one brought under 18 U.S.C. § 3582.

Title 18, United States Code, Section 3582(c) allows a court to modify an imposed term of imprisonment, but only in limited circumstances. That statute states:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that–

    (1) in any case--

        (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

            (i) extraordinary and compelling reasons warrant such a reduction; or

            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

            and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

        (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). The defendant has not demonstrated that any of these conditions have been met. And contrary to the defendant's contention, neither *United*

*States v. Booker*, 543 U.S. 220 (2005), nor 18 U.S.C. § 3553(a) gives this Court authority to reduce a previously imposed sentence for extraordinary circumstances. Therefore, this Court is not authorized to reduce the defendant's sentence.

## Conclusion

Though this Court is not unsympathetic to the plight of the defendant's wife, this Court is without authority to grant the defendant's motion. The Court does note that it is impressed with the number of classes the defendant has completed. This Court has no doubt that the defendant has done everything he can to prepare himself for life upon release. However, for the aforementioned reasons, this Court cannot reduce his sentence.

IT IS THEREFORE SO ORDERED THAT the defendant's motion be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

July 28, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**